# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AARON D. DELP, <br><br> Defendant. | CASE NO. 2:25-CR-91 <br><br><br> CHIEF JUDGE MORRISON |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by and through its counsel of record, hereby submits the following sentencing memorandum in the above-mentioned case. This sentencing memorandum is based upon the Presentence Investigation Report ("PSR") and any further evidence or argument as may be presented at any sentencing hearing in this matter.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

*s/ Heidy Carr*
**HEIDY CARR (0093524)**
Special Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
E-mail: Heidy.Carr@usdoj.gov

1

**MEMORANDUM**

I. **BACKGROUND**

Defendant, Aaron Delp ("Delp"), is scheduled to appear before this court for sentencing on December 16, 2025. The United States respectfully requests that the court impose a sentence of imprisonment of 27 months. This request is based on the grounds that such a sentence is both reasonable and appropriate, given the circumstances of the case, and is legally supported. Further, this request is within the agreed-upon range of the Plea Agreement signed by both parties, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (*See* Doc #: 3).

II. **GUIDELINES/PSR**

The Probation Officer correctly calculated Delp's advisory sentencing range under the United States Sentencing Guidelines as 33-41 months of imprisonment, based on a Total Offense Level of 16 and a Criminal History Category of IV. (*See* PSR Pg. 29). The Government has no objection to the PSR.

There is one unresolved objection to the PSR by defense. Delp objects to the enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B). Delp believes that the four-level increase should not apply presumably because he has not yet been convicted of the crimes for which he was charged. The Government disagrees and believes that the probation officer correctly applied the increase. Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), Application Note 14(C), "another felony offense" means "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction was obtained."

III. **THE PROPER SENTENCE**

While the federal Sentencing Guidelines are not mandatory, *United States v. Booker*, 543

U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005) (citing *Booker*, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotations omitted).

The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

(1) the nature and circumstances of the offense and the history and characteristics of defendant;

(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the United States believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of Delp.

When discussing the nature and circumstances of the offense it is imperative to underscore the danger associated with firearms in the possession of individuals who are legally prohibited. The Government asserts that to adequately deter criminal behavior and safeguard the public from further offenses by the defendant, a term of imprisonment of 27 months is warranted.

In the present case, Delp possessed a firearm after already being convicted of the same crime in this very District Court. In addition to having another firearm conviction, Delp is facing serious allegations at the Franklin County Court of Common Please (*See* PSR ¶ 52). Delp's history demonstrates that he has an inability to comply with court orders as he committed this instant offense while on Supervised Release. While the Government contends that this sentencing is not to litigate Delp's pending case, the Government believes it is still important to discuss the facts to highlight the reason for the requested sentence as his pending case relates to his Supervised Release Violations. Delp is alleged to have committed a drive by shooting and struck another individual with the firearm that is the subject of the instant offense. Further, Delp admitted to shooting the firearm in jail calls. The Court is aware of the dangers of firearms in the hands of prohibited individuals, but the danger is exponentially exacerbated when those individuals have the willingness to use those firearms to shoot other individuals.

Delp's childhood background provides little mitigation. Although there was some turbulence with his biological father being absent and the divorce of his mother and stepfather, Delp described a "wonderful childhood." (PSR ¶ 57). Delp was introduced to drugs and alcohol by his stepfather, but his biological father did start becoming a part of his adult life (PSR ¶ 57 &58).

The Government contends that, although Delp's stepfather introducing him to drugs and alcohol may have influenced his behavior later in life, his prior interactions with the criminal justice system did not deter him from continuing to engage in serious criminal activities. The Probation Officer determined that Delp was a criminal history category IV as he had eight criminal history points. Among those convictions were prior firearms and violent offenses. In addition to

4

committing the instant offense while on Supervised Release, Delp also incurred several Probation violations. All of this suggests that his prior interactions with the criminal justice system have failed to correct his behavior and warrants a more severe sentence in the instant case.

Consistent with all these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment that of 27 months. The above-described circumstances suggest a sentence of this length is warranted under the sentencing Guidelines. This sentence would also be reasonable under the rationale of *Booker*, 543 U.S. 220 (2005); *United States v. Henry*, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit." (citation omitted)).

### IV. CONCLUSION

For the foregoing reasons, the United States submits that a term of imprisonment of 27 months is sufficient, but not greater than necessary, to satisfy the goals of sentencing. Accordingly, the Government respectfully requests that the Court adopt the recommendation set forth in this memorandum as reasonable and appropriate in this case and accept the Plea Agreement.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

*s/Heidy T. Carr*
HEIDY T. CARR (0093524)
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 8th day of December 2025, via the Court's electronic filing system (ECF) upon counsel of record for the defendant.

*s/Heidy T. Carr*
HEIDY T. CARR
Special Assistant U.S. Attorney
